## Thomas Bromley *v.* Howard W. Lippincott, Appellant.

[Marked to be reported.]

*Appeals—Penalty for delay—Act of May* 19, 1897.

On an appeal by defendant from a judgment for want of a sufficient affidavit of defense in a suit upon a promissory note, the penalty for appealing merely for delay provided by the act of May 19, 1897, sec. 21, P. L. 72, will be imposed where it appears that the record had never been brought up; that no assignments of error had been filed; that no paper-book had been served upon plaintiff; that on the first day of the term the appeal was withdrawn and the case discontinued; that the affidavit of defense alleged no more than that the note in suit had been given with the express condition that it should be renewed at maturity, and that the plaintiff had refused to accept a renewal.

January 7, 1898. Petition filed and rule granted to show cause why the penalty in sec. 2 of the act of May 19, 1897, P. L. 72 should not be awarded.

Appeal by defendant from judgment of C. P. No. 3, Phila. Co., for want of a sufficient affidavit of defense.

Plaintiff's petition alleged as follows :

On January 22, 1897, and previous thereto, he was the bona

fide holder for value of the promissory note of which the follow-- ing is a copy :

"$3300.                              PHILADELPHIA, Oct. 22, 1896.

"Three months after date I promise to pay to the order of Howard W. Lippincott, Thirty-three hundred Dollars, at 305 Drexel Building. Without defalcation for value received.

"ADOLPH SEGAL.

"No. 4196.    Due Jan. 22d."

At the maturity of said note, the same was duly protested for nonpayment. Suit was brought on January 28, 1897, and on February 15, 1897, the following affidavit of defense was filed thereto :

"Deponent [Segal] executed the note in suit upon the ex- press condition and agreement that the same should be renewed at its maturity for a further period of three months. In breach of this agreement the plaintiff has refused to renew the note and has instituted proceedings thereon."

A rule for judgment for want of a sufficient affidavit of de- fense was entered, and on February 20, 1897, the rule was made absolute and the case was immediately appealed to the Supreme Court. The record was not brought up from the lower court, nor were any assignments of error filed. No paper-book was served upon plaintiff. On Monday, January 3, 1898, just pre- vious to the calling of the list, the appeal was withdrawn and the case discontinued. Your petitioner verily believes and avers that the said appeal was taken for delay, there being no legal or technical defense to his action whatever. Your petitioner never knew or saw either the maker or indorser of the promissory note and did not make any agreement of any kind with any one to renew the promissory note at maturity. The note was received by petitioner as part of the purchase money of a house sold by him to Harrison Snyder. Just as the note was about to mature, petitioner received the following communication :

"THOS. BROMLEY, Sr., Esq.

"Jasper & York Sts., PHILADA.

"Dear Sir : We are this day in receipt of the enclosed letter from Mr. Segal, and having sold the note to you, we enclose his letter. We would suggest that you call on him.

"Yours truly,

"HARRISON SNYDER & SON."

The inclosed letter was as follows:

"January 20th, 1897.

"Messrs. Harrison Snyder & Son,

"Drexel Bldg. Phila.

"Gentlemen:

"A note due on the 22nd for $3,300 will be impossible for me to pay. I would like to get renewal, and will pay well for it. I wish you would see what you can do for me on that line, I will be very thankful to you if you can fix it up for me.

"Yours very truly,

"A. Segal."

Petitioner positively refused to renew and insisted upon payment of the note. By reason of the appeal to your honorable court, the petitioner has been unjustly deprived of the use of a large amount of money for a year, whereby he has lost the profits the same would have yielded him were he permitted to use the same in his business. He has also been compelled to retain counsel to prosecute his claim in this and the lower court which entails additional expense.

Your petitioner would therefore ask your honorable court to impose the penalties provided by the twenty-first section of the Act of May 19, 1897, P. L. 72, wherein it is provided that:

"In all cases where the appellate court shall be of opinion that the appeal was sued out merely for delay, it shall award as further costs additional attorney fees of twenty-five dollars, and damages at the rate of six per centum per annum in addition to legal interest."

*J. Frederick Hartmann,* for petitioner.

Per Curiam, January 24, 1898:

The act of 1897, last clause of sec. 21, under which this rule was granted, is a substitute for the Act of May 25, 1874, P. L. 227, and provides as follows: "In all cases where the appellate court shall be of opinion that the appeal was sued out merely for delay, it shall award, as further costs, additional attorney's fees of $25.00 and damages at the rate of six per centum per annum in addition to legal interest."

This case appears to come clearly within the mischief intended to be remedied by the clause of section 21 above quoted.

If properly enforced this act will have a wholesome effect in preventing frivolous appeals that are too frequently "sued out merely for delay." The rule is therefore made absolute and penalty awarded as provided by the act.