Joshua R. Serfass, Appellant, *v.* James L. Stevenson et al.

*Appeals—Penalty for delay—Act of May* 19, 1897.

On appeal by plaintiff from a judgment on a verdict in an action of replevin, the penalty for appealing merely for delay provided by the Act of May 19, 1897, section 21, P. L. 67, will be imposed where it appears that no assignments of error had been filed, that on the first day of the term the appeal was withdrawn and the case discontinued, and where the answer to a rule to show cause why the penalty should not be imposed was not served on the appellee's counsel, and failed to show cause for the course of action pursued by appellant.

October 8, 1898. Petition by appellee filed, and rule granted to show cause why the penalty in section 21 of the Act of May 19, 1897, P. L. 67, should not be awarded. Appeal by plaintiff from judgment of C. P. No. 4, Phila. County.

The petition was as follows :

" 1. The appeal was sued out merely for delay.

" 2. The case was in replevin instituted to recover possession of personal property levied upon for rent under a written lease. That on or about the time the writ was handed to the sheriff, the said appellant admitted in writing that his proceeding was simply for delay, the following being a copy of the letter written by him and offered in evidence at the trial of the cause :

" 'Joshua R. Serfass,
Attorney at Law, Notary Public.
" 'Room 701 Girard Building,
Philadelphia.

" 'PHILADELPHIA, 5/30/96.
" ' Mr. Walter Stevenson :

" 'Dr Sir : I was compelled, owing to delay in the settlement of my matter that I spoke to you about, to file security for a replevin yesterday to avoid any sale at my home ; this is *not*

done for the purpose of defeating you in the payment of my
rent due you, but for the reason that I am to be out of town
to attend court at Easton, Pa., the coming week & make ar-
rangements for the getting of cash to secure one of your new
houses on Berks St., and will then upon my return make
all rent due you settled. Hoping you will not look upon me
in the least trying to defraud you, but only a creature of cir-
cumstances at present, all will be right upon my return next
week, and hope you will not disturb my wife's comfort in the
meantime, for she is of very nervous temperment and worries
much over such matters.

"' Yours,

"' J. R. SERFASS.

"Subsequent thereto and prior to the trial appellant made at
least a dozen promises at different times, verbally and in writ-
ing to pay the rent due and when the case was called for trial
in C. P. No. 4, on October 22, 1897, appellant did not appear
and allowed the case to go by default. That immediately
thereafter he entered a rule for a new trial and to set aside the
verdict; this rule was discharged by the court and judgment
entered. Immediately thereafter the appeal was taken to this
court, to wit: January 24, 1898. That no assignments of error
were at any time filed and without notice to appellee or his coun-
sel, the said Joshua R. Serfass discontinuing his appeal in this
court on the 1st day of October, 1898, receiving the record of
said case which has not been returned by him to the court of
common pleas.

"Petitioner avers that to the best of his knowledge and belief
all of said proceedings were taken and still persisted in by the
said Joshua R. Serfass, simply for the purpose of preventing
this appellee from collecting the money justly due him."

On October 10, 1898, the court granted a rule on appellant
to show cause why the prayer of the said petition should not
be granted, returnable, October 25, 1898, at 11 o'clock A. M.

On October 24, 1898, appellant filed an answer denying that
the appeal was taken for delay and setting out that plaintiff's
counsel was absent at the time the case was tried in the court
below, being engaged in another court. That appellant was of
opinion that under the authority of Crumley v. Lutz, 180 Pa.

476, the court below should have granted a nonsuit, instead of directing a verdict for defendant and that thereupon he took his appeal to this court; that subsequently he became satisfied that he could not sustain his appeal and immediately withdrew said appeal, paid the costs for the same and returned the record to the court below. The answer also set up that the original distraint was excessive, and that nonprofessional advantage had been taken of him as a member of the bar during his professional engagements in another case.

*Bradbury Bedell*, for petitioner.—Counsel for the appellee has been informed by the clerk of the court that appellant has filed an answer to the petition filed in this case for the benefit prescribed by the Act of May 19, 1897, sec. 21, in reference to appeals taken for the purpose of delay, but as no copy of this answer has been served upon the appellee or his attorney, it is respectfully submitted that the same should be disregarded, and the rule for penalty made absolute.

*J. R. Serfass*, for appellant, respondent.

PER CURIAM, November 14, 1898:

Now, November 14, 1898, the rule to show cause granted October 10, 1898, is made absolute, and an additional attorney fee of $25.00 is awarded to the appellee in accordance with the provisions of the Act of May 19, 1897, sec. 21.*

---

*See Bromley v. Lippincott, 184 Pa. 462.